## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**THE TRIBUNE COMPANY HOLDINGS, INC. and MEDIA GENERAL OPERATIONS, INC.,**

    **Plaintiffs,**

v.                                          **Case No. 8:06-cv-265-T-30MAP**

**TIMES PUBLISHING COMPANY,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Preliminary Injunction and Supporting Memorandum (Dkt. #2) and Defendant's Memorandum of Law in Opposition to the same (Dkt. #16). A hearing was held on this matter on March 2, 2006. Based on the arguments of counsel both at the hearing and in their respective briefs and for the reasons stated below, this Court finds that Plaintiffs' Motion should be **GRANTED**:

## LEGAL ANALYSIS

### A.   Preliminary Injunction Standard.

When ruling on a Motion for Preliminary Injunction, a district court must examine four factors: (1) a substantial likelihood that the moving party will prevail on the merits; (2) that the moving party will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to

the public interest.  Montana Professional Sports, LLC v. Leisure Sports Management, Inc., 2006 WL 289111 at 5 (M.D. Fla. 2006). This Court finds that Plaintiffs have sufficiently met this standard.

**B.     The Marks.**

In determining whether a mark is infringing, i.e., whether there is a likelihood of confusion between the names and symbols used between the parties, the court must examine seven factors: (1) the type of mark at issue; (2) the similarity of the mark; (3) the similarity of products and services; (4) identity of purchasers and similarity of retail outlets; (5) the similarity of advertising campaigns; (6) the defendant's intent; and (7) actual confusion. Ice Cold Auto Air of Clearwater, Inc. V. Cold Air & Accessories, Inc., 828 F. Supp. 925, 935-36 (M.D. Fla. 1993).   In making this determination, a court must "evaluate the weight to be accorded the individual factors and them make its ultimate decision" Id. at 936. Additionally, in ruling on the likelihood of confusion, a court is not required to specifically mention each of the factors; an analysis of fewer than all of the seven factors may support a finding of likelihood of confusion. Id.

In reviewing the marks at issue in this matter, *The Tampa Times* versus *tbt\* Tampa Bay Times*, this Court finds that the mere inclusion of the regional descriptive word "Bay" is insufficient to distinguish the mark of Plaintiffs from that of Defendant as to eliminate the likelihood of confusion.  This is particularly so since Defendant is changing its product from

a weekly entertainment guide to a general news format published five days per week,[1] while at the same time changing the masthead emphasis from the letters "tbt" to the words "Tampa Bay Times". As such, there is a substantial likelihood that Plaintiffs will prevail on the merits and, since the Court determines that Plaintiffs have satisfied the other three factors as well, a preliminary injunction precluding Defendant's use of the mark *tbt\* Tampa Bay Times* is appropriate.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion for Preliminary Injunction and Supporting Memorandum (Dkt. #2) is hereby **GRANTED**.

2. **Defendant, until further order of this Court, is precluded from using the mark tbt\* Tampa Bay Times or any variation of the same, except that Defendant may continue to use the mark in its present form, i.e. the use of tbt\* with the masthead** *Tampa Bay Times* **in small print (1/7th of the size of the larger print tbt\* ).** This exception is intended to maintain the status quo pending a trial in this matter.

**DONE** and **ORDERED** in Tampa, Florida on March 3, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-265 - Motion for Prelim Injunc.frm

---

[1] Plaintiffs' newspaper, *The Tampa Tribune,* is published seven days per week.